Anthony J. BUCCI et al.

v.

Ralph R. FARGNOLI et al.

No. 81–447–M.P.

Supreme Court of Rhode Island.

Oct. 23, 1981.

William Y. Chaika, Cranston, for petitioners.

Joseph A. Rotella, Asst. City Sol., Providence, for respondents.

ORDER

This controversy involves a provision found in the Providence Home Rule Charter of 1980 which provides that the city council at "its first meeting in September 1981 * * shall elect a Committee on Ward Boundaries." The committee is charged with the responsibility of drawing up a plan for the revision of the city's ward boundary lines. According to the charter, the committee's plan is to be submitted to the council, which may, after at least one public hearing, adopt the plan as submitted or amend it. The decisive issue before us deals with the makeup of the committee.

The charter provides that the committee shall be composed of five individuals, with three of the five being "elected by the majority party" and the remaining two members being chosen by the council members who "are not members of that party."

When the council met on Thursday evening, September 3, 1981, the majority of its membership was composed of individuals who belonged to the Democratic Party. At that time the council members who were and are Democrats demonstrated that there was a severe difference of opinion existing within the group. Some supported three redistricting committee candidates whom we shall refer to as the "Bucci" slate, and the remaining Democrats were supporters of a trio to whom we shall refer as the "Fargnoli" slate. The records of the city clerk indicate that both slates were duly nominated.

Roll calls were taken, and the Fargnoli slate received fourteen votes and was declared to be the winner. Its edge over the Bucci slate was two votes. However, the clerk's record clearly indicates that the Fargnoli slate was a winner because of the support of a bipartisan coalition which included the votes of five Republican council members and a member who considered himself to be an independent. It is obvious from the record before us that the council membership has violated the charter provision which requires members of the majority party to vote for three positions and the remaining members to vote for two.

Members of the Bucci slate have asked that we declare them to be the duly elected representatives of the majority party. However, we believe that in the interests of all, including the council membership and especially the Providence electorate, the slate should be erased clean and a new election held forthwith. Consequently, it is hereby ordered and decreed that (1) the election of Council President Ralph R. Fargnoli and Councilmen Philip A. Almagno and William J. Moise is hereby declared to be null and void and (2) the council shall meet and hold a new election at which the only individuals who may cast a vote for the majority vacancies are those members of the council who, on the evening of September 3, 1981, were affiliated with and were members of the Democratic Party.

Parenthetically, we would also note that while there is no challenge to the two individuals elected to fill the remaining two vacancies, the record certainly indicates that members of the majority party also cast votes for those two individuals in clear violation of the charter's provision. We respectfully suggest to those two committeemen that it might be best that the risk of any further litigation in this sensitive areas be eliminated by having a new election for the two committee members who are chosen by the nonmajority members, having in mind that the charter calls for the completion of all ward redistricting activities by March 1, 1982.

This order was issued because of the demands of time. An opinion amplifying the views which led to the order's publication shall be issued subsequently.